Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7959 | **DATE** | 7/22/2004 |
| **CASE TITLE** | AMI Diamonds vs. Hanover Ins | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the plaintiff's motion for summary judgment is denied. The defendant's motion for summary judgment is granted and the plaintiff's motion to strike is denied as moot. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 2 3 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| | | | date mailed notice | |
| MW | courtroom deputy's initials | 2004 JUL 22 PM 3: 12 | | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

AMI DIAMONDS COMPANY, )
an Illinois corporation, )
)
          Plaintiff, )
)
  v. ) No. 03 C 7959
)
HANOVER INSURANCE COMPANY, )
)
          Defendant. )

DOCKETED JUL 23 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff A.M.I. Diamonds Company's ("AMI") motion for summary judgment, Defendant Hanover Insurance Company's ("Hanover") motion for summary judgment, and Plaintiff AMI's motion to strike. For the reasons below, we deny AMI's motion for summary judgment, grant Hanover's motion for summary judgment, and deny AMI's motion to strike as moot.

## BACKGROUND

AMI is an Illinois corporation that is in the business of wholesaling loose, finished diamonds to retail jewelers. Hanover is a Massachusetts corporation that is in the business of issuing Jewelers' Block policies of insurance. In return for valuable consideration by AMI, Hanover issued to AMI a Jewelers' Block Policy of

1

insurance insuring against risks of physical loss or damage to property insured under the policy during the time period of November 1, 2002 to November 1, 2003.

On or about November 8, 2002, AMI's sales representative, Maged Soliman ("Soliman") was traveling in Arlington Heights, Illinois making business calls in furtherance of the business of AMI. Mr. Soliman was carrying approximately $150,000.00 worth of finished diamonds belonging to AMI in a briefcase. After calling on a retail jeweler and client of AMI, Soliman drove to a gas station to use the telephone to call AMI's business manager at AMI's downtown office to inform him of his whereabouts and to obtain instructions as to the next retail store he should visit. Soliman pulled into a designated parking space adjacent to the telephone. The diamonds were contained in the briefcase and was situated between the driver's seat and the passenger's seat. Soliman had to step outside the car to reach the telephone. He leaned on the door of the driver's side of the car while speaking to the business manager on the telephone. He then hung up the phone, and opened the car door to re-enter.

At this time, a Hispanic woman from the passenger side of a maroon minivan diverted Soliman's attention by calling him and asking for help. The minivan was approximately five feet from where Mr. Soliman's car was parked. He asked her what she needed, and the woman replied that she needed directions.

Mr. Soliman proceeded to walk the five feet to the minivan, stood at the passenger side of the minivan, and turned at an angle so as to keep his own car in sight. The woman persisted in her purported need for assistance in reading the map,

and then she dropped the map to the ground where Soliman was standing. As he bent to pick it up, Soliman observed a white car near his vehicle. Instantly, Mr. Soliman knew he was being set up, and that the woman in the maroon minivan was a decoy to lure him away from his car.

Soliman then ran the few steps back to his car and the white car sped away. Soliman then saw that his briefcase containing the diamonds was gone. He looked up and saw the maroon minivan speeding away as well. Soliman then alleged that he became crazy, and jumped into his car to try and chase the minivan, to no avail. He then returned to the gas station where he exclaimed that he had been robbed, and then called 911. The Arlington Heights police took Soliman to the Chicago Police Station at O'Hare Airport and showed him pictures of known Columbian nationals who specialize in jewelry theft to see if Soliman could identify any of them. He could not. The diamonds were never recovered.

AMJ submitted a claim for coverage for the stolen diamonds to Hanover under its Jewelers' Block Policy. Four months later, Hanover denied coverage, asserting three separate provisions of the Policy in support of its position. First, Hanover asserted the "unexplained loss mysterious disappearance" exclusion, stating that, because Soliman did not actually see anyone take the diamonds from his car, and because there were no signs of a forcible entry, the loss was "unexplained". Second, Hanover contended that, pursuant to the "in or upon" exclusion clause, Soliman was not "in" or "upon" the vehicle at the time the loss occurred. Finally, Hanover claimed that, pursuant to the "personal conveyance clause", the diamonds were not

3

in Mr. Soliman's "close personal custody" and "under his direct control" at the time of the theft.

As a result, AMI brought three counts against Hanover. Count I seeks a declaratory judgment that Hanover is obligated to indemnify AMI with respect to the loss of over $150,000.00 worth of goods and merchandise covered under the Jewelers' Block Policy of insurance issued by Hanover to AMI. Count II asserts a claim for breach of contract as to the Jewelers' Block Policy issued by Hanover to AMI, and Count III is for damages for vexatious and unreasonable conduct under Section 155 of the Illinois Insurance Code.

## LEGAL STANDARD

Summary judgment is appropriate when the record reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."*Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest

4

on the allegations or denials in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp,* 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986);*Insolia v. Phillip Morris, Inc.,* 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party.*Anderson,* 477 U.S. at 255; *Bay v. Cassens Transport Co.,* 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

### I. Declaratory Judgment (Count I)

Count I of the complaint seeks a declaratory judgment that Hanover is obligated to indemnify AMI with respect to the loss of over $150,000.00 worth of goods and merchandise covered under the Jewelers' Block Policy of insurance issued by Hanover to AMI

5

A. In or Upon the Vehicle Exclusion

Under exclusion 5(I) of AMI's policy AMI was not covered under the policy for property lost while in a vehicle "unless at the time the loss occur[red] there [wa]s actually in or upon such vehicle, the insured, or a permanent employee of the Insured. . . ." AMI argues that Soliman was upon the vehicle at the time the theft occurred. This court does not agree. AMI refers to *E.M.M.I. Inc. v. Zurich American Insurance Co.*, 84 P.3d 385, 393 (Cal. 2004), to construe the meaning of "upon." In *E.M.M.I.*, the court held that the "upon" requirement is satisfied when the insured is in close proximity to the vehicle and attending to it. *E.M.M.I. v. Zurich American Insurance Co.*, 84 P.3d 385, 393 (Cal. 2004). Therefore, according to AMI, because Soliman was in close proximity of the car, he was upon it, and as a result, the "in or upon" exclusion clause does not apply. However, Hanover argues that it is well settled in Illinois that under a Jewelers' Block Policy, an insured can only defeat an "in or upon" vehicle exclusion if its jewelry was lost and if at the time of the loss a permanent employee of the plaintiff or person whose duty it was to attend to the vehicle was actually in or upon such vehicle. *Bliss Ring Co. v. Globe and Rutgers Fire Insurance Co.*, 7 Ill.App.2d 523, 531 (Ill. App. Ct. 1955). We agree. Furthermore, according to Hanover, courts have routinely held that the "in or upon such vehicle" exclusion of a Jewelers' Block Policy is unambiguous and must be strictly construed that someone must be actually in the vehicle at the time of the loss for the coverage to apply. *Silverman v. Lloyd's Underwriters*, 422 F.Supp. 89, 90 (S.D.N.Y. 1976); *Wieband Jewelry Corporation v. Sun Insurance Company of*

6

*New York*, 619 N.Y.S.2d 339, 339 (N.Y. App. Div. 1994).

AMI admits pursuant to Local Rule 56.1 that Soliman was not in or upon the car when the diamonds were stolen. He also indicates this in his own 56.1 statement of facts. Some of AMI's 56.1 responses are evasive denials in regards to some facts relating to this issue and AMI attempts to avoid admitting or denying facts by raising evidentiary objections that are not meritorious. *See Jankovich v. Exelon Corp.*, 2003 WL 260714, at *5 (N.D. Ill. 2003)(indicating that evasive denials that do not directly oppose an assertion are improper and thus the contested fact is deemed to be admitted pursuant to Local Rule 56.1). AMI admits pursuant to Local Rule 56.1 that Soliman walked away from his car before the jewelry was stolen. ( R HSF 14,16). AMI also states this in its own 56.1 statement of facts. (AMI SF 34-40). Under the plain meaning of the language in Exclusion 5(I) of the policy, AMI's loss is not afforded coverage because AMI's agent and/or employee was not "actually in or upon" his vehicle at the time that AMI claims the jewelry was missing. AMI attempts to introduce a variety of red herrings arguing that at one point he was leaning on his car and that he did not intend to abandon his car. However, the admitted fact is that he walked away from his car and left the diamonds unattended in the car. ( R HSF 14, 16) Regardless of the period of time he left the diamonds, Soliman engaged in exactly the type of conduct that is described in the exclusion provision.

### B. Personal Custody Exclusion

An endorsement in AMI's policy states that the policy does not cover losses incurred "when in transit unless the property insured is in the close personal custody and under the direct control of a Director or Employee of the Assured's Firm and/sales representatives, commission salesmen or selling agents. . . ." AMI argues that the diamonds were in Soliman's close personal custody and under his direct control at the time of the theft. However, clearly the jewelry was not in Soliman's close personal custody at the time of the loss. Soliman admits that he was duped into approaching the woman and that the diamonds were taken while he was preoccupied with her. ( R HSF 14, 15, 16) (AMI SF 34-40). Thus, Soliman in no way, shape, or form had the diamonds in his "personal custody" or under his "direct control." Therefore, we grant Hanover's motion for summary judgment on the declaratory judgment claim.


### II Breach of Contract Claim (Count II)

Count II of the complaint alleges that Hanover breached the contract of the Jewelers' Block Policy. However, because no reasonable trier of fact could conclude other than that Soliman's conduct fell within the exclusion clauses of the contract, AMI is not entitled to coverage under the contract. Therefore, Hanover did not breach the contract with AMI by refusing to pay for its loss. Therefore, we grant Hanover's motion for summary judgment on the breach of contract claim. (Count

II).

### III. Vexatious and Unreasonable Conduct Claim (Count III)

Count III is for damages for vexatious and unreasonable conduct under Section 155 of the Illinois Insurance Code. Section 155 of the Illinois Insurance Code provides for the award of attorney fees in cases where the insurer caused "an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable." 215 ILCS 5/155(1); *Mobile Oil Corporation v. Maryland Casualty Company*, 681 N.E.2d 552, 558 (Ill. App. Ct. 1997). According to AMI, Hanover's denial of coverage in this case is a striking example of the type of conduct Section 155 of the Insurance Code is intended to deter. However, as Hanover asserts, in determining if an insurer is guilty of vexatious and unreasonable conduct, the court must look at the "totality of the circumstances." *Spearman Industries, Inc. v. Paul Fire and Marine Insurance Co.*, 138 F.Supp.2d 1088, 1102 (N.D. Ill. 2001). An insurer is not guilty of vexatious and unreasonable conduct if:" (1) there is a bona fide dispute concerning the scope and application of the insurance coverage, (2) the insurer asserts a legitimate policy defense, (3) the claim presents a genuine legal or factual issue regarding coverage, or (4) the insurer takes a reasonable legal position on an unsettled issue of law." *Id.* According to Hanover, in the instant case it conducted a thorough investigation of the claim and determined that AMI was not entitled to insurance coverage under the policy based on several

exclusions. Hanover retained an investigator, immediately upon AMI submitting the insurance claim, who investigated the claim for several months. AMI contends that Hanover engaged in a "fabrication of evidence to support is [sic] decision to deny coverage...." (Ans. H SJ 15). However, there is no evidence that Hanover fabricated evidence. There is every indication, that even if Hanover accepted AMI's version of the facts as indicated in their 56.1 statement of facts, that the exclusion provisions applied and that AMI was not entitled to coverage. There is insufficient evidence for a reasonable trier of fact to conclude that Hanover engaged in vexatious and unreasonable conduct. Therefore, we grant Hanover's motion for summary judgment on the vexatious and unreasonable conduct claim (Count III).

## CONCLUSION

Based on the foregoing analysis, we deny AMI's motion for summary judgment and grant Hanover's motion for summary judgment. In addition, we deny AMI's motion to strike as moot.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 22, 2004